UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-14456-CANNON/MATTHEWMAN

GREGORY MAKOZY and
MARIA MAKOZY,

     Plaintiffs,

v.

EQUIFAX INFORMATION
SYSTEMS, LLC,

     Defendant.

_____/

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [DE 29]

THIS CAUSE is before the Court upon Defendant Equifax Information Systems LLC's ("Defendant") Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion") [DE 29], which was referred to the Undersigned Chief United States Magistrate Judge by United States District Judge Aileen M. Cannon [DE 33]. Plaintiffs, Gregory Makozy and Maria Makozy ("Plaintiffs"), filed a response [DE 29], and no timely reply was filed. For the reasons set forth below, the Undersigned **RECOMMENDS** that the Motion be **GRANTED,** and that the First Amended Complaint be **DISMISSED.**

### I.      BACKGROUND

On December 29, 2025, Plaintiffs filed their Complaint, alleging claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* [DE 1]. Thereafter, the Court entered an Order Dismissing Shotgun Complaint, Permitting Repleading, and Denying Defendant's Motion to Dismiss as Moot [DE 22].

1

The Court dismissed the Complaint without prejudice and provided Plaintiffs with an opportunity to file an amended complaint. *Id.* The Court explained that, in any amended complaint, "[e]ach count must identify the particular legal basis for liability as to defendant, separate each claim into a separate count, and contain factual allegations that support each cause of action within each count." *Id.* at 2. The Court further warned that "[f]ailure to comply with this Order may result in dismissal of the case without further notice." *Id.*

Plaintiffs filed their First Amended Complaint ("FAC") [DE 26] on March 5, 2026. The FAC alleges that this action arises out of Defendant's violation of the FCRA, "[s]pecifically, 15 USC 1681f, by improperly disclosing protected, non-identifying info to third parties without proper authorization." DE 26 ¶ 1. Plaintiffs allege that Defendant reported and continues to report "derogatory and false information about the Plaintiffs to the credit bureau." *Id.* ¶ 6. These allegations stem from what Plaintiffs claim is "[t]he false information the Defendant maintains in its files and record shows at large that the Plaintiffs owe a debt of Appx. $4700 to a company called Mutual Management Services." *Id.* ¶ 7. Plaintiffs allege they have disputed "the accuracy," that Defendant failed to respond, and that Defendant failed to complete an investigation of Plaintiffs' written disputes. *Id.* ¶¶ 8–10. Plaintiffs further allege that "[b]y disclosing non-identifying information of a $4700 debt to the public and other credit reporting agencies is in violation of strict limitations of 15 USC 1681. Defendant negligently/willfully violated FCRA." *Id.* ¶ 12. Moreover, "[a]s a result of this violation, both Plaintiffs have suffered damages from having lower credit scores and can not borrow money for a house." *Id.* ¶ 13. Plaintiffs are seeking actual damages, punitive damages, a permanent injunction, and costs. *Id.*

## II.   MOTION AND RESPONSE

In the Motion, Defendant argues that the FAC fails to state a claim under the FCRA. It claims that "Plaintiffs offer no other details or factual allegations for Equifax to attempt discern how they could possibly run afoul of Section 1681f, simply because Plaintiffs ha[ve] confusingly included a vague and conclusory allegation that 'Defendant maintains in its files and record shows at large that the Plaintiffs owe a debt of Appx. $4700 to a company called Mutual Management Services.' ECF No. 26, ¶ 7." [DE 29 at 4]. Next, Defendant contends that "Plaintiffs have not plausibly pled sufficient facts to support their belief that a tradeline was reporting inaccurately." *Id.* at 4. Further, "Plaintiffs have failed to set forth a cognizable claim or any factual enhancement to support their conclusions and bring their claims from possible to probable." *Id.* at 5. Defendant maintains that Plaintiffs have not properly alleged a claim under section 1681n of the FCRA because "no facts within the First Amended Complaint support the notion that Equifax knew that its actions would violate the FCRA." *Id.* In other words, the FAC "is devoid of any plausible allegations to establish willful violations of the FCRA." *Id.*

In response, Plaintiffs contend that they

> sufficiently pled the facts that the Defendants inaccurately reported a tradeline. The Plaintiffs notated that a company called Mutual Management claims the Plaintiffs owe $4700 to them. The Plaintiffs wrote them a letter over a year ago detailing the inaccuracies for the Defendants to investigate. The Defendants did absolutely nothing! They continued to allow this information on reports for the government, banks and any creditors to view.

[DE 31 at 2]. Plaintiffs further argue that,

> By ignoring the letters from the Plaintiffs, the Defendants failed to investigate along with knowingly and recklessly violated the statu[t]es around FCRA. The Defendants have caused damages whereby Plaintiff Greg Makozy, got denied a simple $600 credit with Amazon. Furthermore, when requesting a mortgage, all banks and mortgage companies require a collection account to be paid off prior to granting a mortgage.

3

*Id.*

### III.   <u>LEGAL STANDARDS</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Pleadings, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* at 680-681 (citations omitted). The Court must review the "well-pleaded factual allegations" and, assuming their veracity, "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. A plaintiff must, under *Twombly*'s construction of Rule 8, cross the line "'from conceivable to plausible.'" *Id.* at 680 (citation omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim

for which relief could be granted. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

However, the Court need not accept as true allegations that are "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

## IV.   **DISCUSSION**

Initially, the Court notes that Plaintiffs are proceeding *pro se*. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted). "Although *pro se* pleadings are held to a less stringent standard and construed liberally, *see Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), a *pro se* complaint must satisfy the basic pleading requirements of applicable law and the Federal Rules of Civil Procedure." *Casper v. United States*, No. 23-24804-CV, 2024 WL 516959, at *1 (S.D. Fla. Jan. 23, 2024), *appeal dismissed,* No. 24-10398-C, 2024 WL 1984626 (11th Cir. Feb. 28, 2024) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

The Court next emphasizes that the First Amended Complaint contains few differences from the original Complaint that the Court *sua sponte* dismissed as a shotgun pleading. Plaintiffs have again failed to allege the particular legal bases for liability as to Defendant. Because of this failure, Defendant and the Court have had to surmise, for the most part, which subsections of the

FCRA Plaintiffs are relying on. Further, Plaintiffs filed a deficient response to the Motion, wholly failing to respond to the legal arguments made by Defendant and citing no law to support their position. The Motion could be granted on these grounds alone. However, in order to ensure a complete record, the Court will analyze Defendant's Motion and the FAC on the merits.

In the FAC, Plaintiffs do explicitly allege that Defendant violated 15 U.S.C. § 1681f "by improperly disclosing protected, non-identifying info to third parties without proper authorization." Section 1681f states that "[n]otwithstanding the provisions of section 1681b of this title, a consumer reporting agency may furnish identifying information respecting any consumer, limited to his name, address, former addresses, place of employment, or former places of employment, to a government agency." 15 U.S.C. § 1681f. Plaintiffs have failed to make sufficiently specific allegations as to how Defendant violated section 1681f in the FAC, which warrants dismissal of the FAC. *See Gordon v. Henry Cnty. Sch. Bd. of Educ.*, No. 1:22-CV-1517-CAP-CCB, 2022 WL 22905387, at *2 (N.D. Ga. May 13, 2022) ("Without additional facts that allow for at least an inference about what consumer report Defendants furnished and how they did so outside of the scope of the FCRA, Plaintiff has merely stated a legal conclusion and has not stated claims under Section 1681b(f).").

Next, based on the limited and vague allegations in the FAC, Defendant assumes that Plaintiffs must also be claiming that Defendant violated sections 1681e and/or 1681i of the FCRA. Section 1681e provides that a consumer reporting agency, when preparing a consumer report, "shall follow reasonable procedures to assure maximum possible accuracy" about an individual. 15 U.S.C. § 1681e(b). Section 1681i states that "if the completeness or accuracy of any item of information contained in a consumer's file … is disputed by the consumer …, the agency shall … conduct a reasonable reinvestigation to determine whether the disputed information is accurate."

6

*Id.* § 1681i(a)(1)(A). "To state a claim under § 1681e, the plaintiff must show that the agency's report contained factually inaccurate information, that the procedures it took in preparing and distributing the report weren't 'reasonable,' and that damages followed as a result." *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021). "The elements of a claim under § 1681i—which focuses on the consumer's credit 'file' rather than his credit 'report'—are the same, except that the plaintiff needn't show that the agency prepared and distributed a report." *Id.* Further, in order "[t]o establish a violation of either of these FCRA provisions, the consumer must present evidence tending to show that the agency prepared a report containing inaccurate information." *Middlebrooks v. Equifax, Inc.*, No. 23-11086, 2024 WL 631000, at *6 (11th Cir. Feb. 15, 2024) (citing *Losch*, 995 F.3d at 944).

Here, Plaintiffs simply have not met the pleading requirements under sections 1681e or 1681i. They vaguely allege that Defendant "reported and continue to report derogatory and false info about the Plaintiffs" without providing any additional supporting facts. There are no specific factual allegations that demonstrate that Defendant prepared a report containing inaccurate information, and "[b]lanket and conclusory assertions that a report was inaccurate are insufficient to satisfy a plaintiff's burden." *De Koning v. Trans Union LLC*, No. 25-CV-23331, 2026 WL 444957, at *3 (S.D. Fla. Feb. 17, 2026). Additionally, the FAC insufficiently alleges that the procedures Defendant took in preparing and distributing the report were not reasonable.

Next, it is not clear if Plaintiffs are proceeding under section 1681n, which pertains to willful noncompliance with the FCRA, or section 1681o, which pertains to negligent noncompliance with the FCRA. However, "[a] plaintiff may recover damages for both negligent and willful violations of § 1681e and § 1681i." *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021). Here, because Plaintiffs have failed to plausibly allege that Defendant

violated sections 1681e, 1681f, and 1681li, Plaintiffs cannot plausibly allege that Defendant acted negligently or willfully. *See McWhorter v. Experian Servs. Corp.*, No. 23-13427, 2025 WL 2604621, at \*4 (11th Cir. Sept. 9, 2025) ("However, because McWhorter failed to plausibly allege that Experian violated § 1681i of FCRA, she also failed to plausibly allege that it did so willfully. Accordingly, we affirm the district court's dismissal of McWhorter's §§ 1681i and 1681n claims against Experian."). Additionally, Plaintiffs have not made any allegations whatsoever that Defendant acted with malice or willful intent.

In sum, the Court has reviewed the FAC's well-pleaded factual allegations, and, even assuming they are true, finds that they do not plausibly give rise to entitlement to relief under the FCRA.

## V.     CONCLUSION

Plaintiffs' First Amended Complaint should be dismissed based on the reasons stated above. Thus, the Court **RECOMMENDS** that the Motion to Dismiss Plaintiffs' First Amended Complaint [DE 29] be **GRANTED**, and the First Amended Complaint [DE 26] be **DISMISSED**. As this is only Plaintiffs' first attempt at amending their complaint, the Undersigned RECOMMENDS that the First Amended Complaint be dismissed without prejudice and that Plaintiffs be provided with one additional opportunity to amend.

## VI.     NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions

contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

    **RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of April 2026.

WILLIAM MATTHEWMAN
Chief United States Magistrate Judge