**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO. 25-14456-CIV-CANNON/Matthewman**

**GREGORY MAKOZY** and
**MARIA MAKOZY**,

      Plaintiffs,

v.

**EQUIFAX**,

      Defendant.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION, DISMISSING**
**AMENDED COMPLANT, AND PERMITTING FINAL REPLEADING**

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiffs'

Amended Complaint (the "Motion") [ECF No. 29] and Chief Magistrate Judge William

Matthewman's Report and Recommendation on the Motion (the "Report") [ECF No. 34].  The

Report recommends dismissing Plaintiffs' Amended Complaint [ECF No. 26] without prejudice

for failure to state a claim and granting leave to amend [ECF No. 34 p. 8].  Plaintiffs have indicated

that they have no objection to the Report [ECF No. 35].  Defendant has filed no objections to the

Report, and the time for doing so has passed.[1]

---

[1] The deadline to object to the Report was April 27, 2026 [*see* ECF No. 34 pp. 8–9].  Defendant filed no objections by that date.  However, on May 7, 2026, Defendant did file a response to Plaintiffs' non-objection (which Defendant misconstrues as an objection to the Report) [ECF No. 39].  Within that response, Defendant attempts to raise a belated objection to the Report's recommendation that dismissal be without prejudice and with leave to replead [ECF No. 39].  The Court rejects Defendant's attempt to smuggle an untimely objection into its response. As the Report cautioned Defendant, "[f]ailure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation" [ECF No. 34 pp. 8–9 (first citing 28

When parties do not object to a Report's findings, the Court reviews the Report only for clear error. *See LoConte v. Dugger*, 847 F.2d 745, 749–50 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006). Upon clear error review of the Report, the Court agrees with the Report's conclusion that dismissal without prejudice and with one final opportunity to replead is warranted. *See Horton v. Gilchrist*, 128 F.4th 1221, 1222 (11th Cir. 2025) ("We have held that, where a more carefully drafted complaint might state a claim, a pro se plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." (alterations adopted) (quotation omitted)).

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 34] is **ACCEPTED**.

2. Defendant's Motion to Dismiss [ECF No. 29] is **GRANTED IN PART** in accordance with this Order and the Report's recommendation.

3. Plaintiffs' Amended Complaint [ECF No. 26] is **DIMISSED WITHOUT PREJUDICE**.

4. Plaintiffs will have **one final opportunity** to file an amended pleading, but any such second amended complaint is due on or before **May 26**, **2026**, and will constitute Plaintiffs' final opportunity to replead in this matter.

**ORDERED** in Chambers at Fort Pierce, Florida, this 11th day of May 2026.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

---

U.S.C. § 636(b)(1); then citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985); and then citing *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989))].