**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO. 25-14456-CIV-CANNON/Matthewman**

**GREGORY MAKOZY** and
**MARIA MAKOZY**,

Plaintiffs,

v.

**EQUIFAX INFORMATION SYSTEMS, LLC**,

Defendant.
_________________________________/

# ORDER ACCEPTING REPORT AND RECOMMENDATION AND DISMISSING SECOND AMENDED COMPLAINT

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Motion to Dismiss") [ECF No. 43] and Chief Magistrate Judge William Matthewman's Report and Recommendation on the Motion (the "Report") [ECF No. 45]. The Report recommends dismissal of Plaintiffs' Second Amended Complaint [ECF No. 42] with prejudice [ECF No. 45 p. 8]. Plaintiffs filed Objections to the Report [ECF No. 46], and Defendant filed a Response to Plaintiffs' Objections [ECF No. 47].[1] The Court has reviewed the Report [ECF No. 45], Plaintiffs' Objections [ECF No. 46], Defendant's Response to Plaintiffs' Objections [ECF No. 47], and the full record.[2] For the reasons set forth below, the Report [ECF No. 45] is **ACCEPTED**, Defendant's Motion to Dismiss [ECF No. 43] is **GRANTED**, and Plaintiffs'

[1] Defendant did not file objections to the Report, and the time to do so has elapsed [*see* ECF No. 45 p. 8].

[2] The Objections are signed by Plaintiff Gregory Makozy only [ECF No. 46]. To ensure completeness, and out of an abundance of caution in this pro se case, the Court treats the Objections as filed by both Plaintiffs.

Second Amended Complaint [ECF No. 42] is **DISMISSED WITH PREJUDICE**.

**RELEVANT BACKGROUND**

On December 29, 2025, Plaintiffs filed their pro se complaint, bringing claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., against Defendant [ECF No. 1]. Upon review of that pleading, and because the Complaint failed to separate Plaintiffs' claims into separate counts, the Court dismissed the Complaint as an impermissible "shotgun pleading" [ECF No. 22]. Thereafter, on March 5, 2026, Plaintiffs filed the First Amended Complaint [ECF No. 26], which Defendant promptly moved to dismiss, arguing that the First Amended Complaint contained "vague and conclusory" allegations and failed "to set forth a cognizable claim or any factual enhancement to support [Plaintiffs'] conclusions" [ECF No. 29 pp. 4–5]. On April 13, 2026, following referral, Chief Magistrate Judge William Matthewman issued a Report recommending that the Court grant Defendant's Motion to Dismiss the First Amended Complaint because Plaintiffs failed to allege sufficient facts to state a cause of action under the FCRA [ECF No. 34 p. 7]. The Report recommended that Plaintiffs receive leave to replead, however [ECF No. 34 p. 8]. The Court thereafter accepted the Report and the reasoning therein, dismissed Plaintiffs' Complaint for the second time, and warned Plaintiffs that they would "have one final opportunity to file an amended pleading" [ECF No. 40 p. 2].

Plaintiffs filed the operative Second Amended Complaint on May 18, 2026 [ECF No. 42]. As revised after the two prior dismissals, the Second Amended Complaint brings one count against Defendant for alleged violations of the FCRA, under "15 U.S.C. § 1681" [*See* ECF No. 42 pp. 2–3]. While the pleading fails to specify what specific provision of the FCRA Defendant is alleged to have violated, Plaintiffs' theory is essentially that Defendant maintains inaccurate information

concerning Plaintiffs' credit worthiness and that, in turn, Plaintiffs have been harmed in their ability to secure new lines of credit [ECF No. 42 pp. 2–3]. Defendant timely filed the instant Motion to Dismiss [ECF No. 43], which the Court referred to Chief Magistrate Judge Matthewman for a Report and Recommendation [ECF No. 44]. On June 22, 2026, Chief Magistrate Judge Matthewman issued the instant Report, recommending that Defendant's Motion be granted and that Plaintiffs' Second Amended Complaint be dismissed with prejudice [ECF No. 45]. The Report is ripe for adjudication.

**LEGAL STANDARDS**

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). More precisely, a party's objections must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Heath*, 863 F.2d at 822. "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). In addition, parties cannot raise new arguments not presented to the magistrate judge in an objection to a Report and Recommendation. *See Williams v. McNeil*, 557 F.3d 1287, 1291–92 (11th Cir. 2009).

A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de

novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Pro se pleadings are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At the same time, pro se plaintiffs must still "satisfy the basic pleading requirements of applicable law and the Federal Rules of Civil Procedure." *Cave v. 2364 Wilton Drive*, No. 19-61777-Civ, 2020 WL 13356470, at *1 (S.D. Fla. Aug. 24, 2020); *see Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## DISCUSSION

The Report recommends that the Court dismiss the Second Amended Complaint with prejudice because Plaintiffs failed entirely to respond to the Motion in the first place, *see* S.D. Fla. L.R. 7.1(c)(1), and moreover, Plaintiffs still have not alleged facts that plausibly give rise to entitlement to relief under the FCRA, despite prior leave to amend [ECF No. 45 p. 8].[3] In doing so, the Report explains that the Second Amended Complaint contains "limited and vague allegations" that Defendant violated "15 U.S.C. § 1681" [ECF No. 45 p. 6; *see* ECF No. 42 p. 2], and that, as a result, the Second Amended Complaint fails to meet the pleading requirements under either 15 U.S.C. § 1681e or 15 U.S.C. § 1681i [ECF No. 45 p. 7].[4]

---

[3] The Report notes, as a preliminary matter, that Plaintiffs failed to respond to Defendant's Motion and that this failure means that the Motion "can and should be granted by default" [ECF No. 45 p. 5]. While clearly correct, *see* S.D. Fla. L.R. 7.1(c)(1), the Report nonetheless evaluates the Motion on the merits "in order to ensure a complete record" [ECF No. 45 p. 5]. The Court elects to do the same here even though dismissal would have been appropriate based on Plaintiffs' clear failure to respond.

[4] The Court, like the Report, analyzes the Second Amended Complaint and the Motion to Dismiss under sections 1681e and 1681i of the FCRA. As background, Plaintiffs fail to specify which sections of the FCRA they believe Defendant has violated. As a result, the Report comprehensively analyzes the Second Amended Complaint under both 15 U.S.C. § 1681e and 15 U.S.C. § 1681i, which provide the closest approximation to a potential claim based on the allegations in the Second Amended Complaint [ECF No. 45 pp. 6–7]. Plaintiffs do not object to

Section 1681e of the FCRA provides that, whenever "a consumer reporting agency prepares a consumer report[,] it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). A "consumer report" is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness." *Id.* § 1681a(d)(1). Section 1681i adds that "if the completeness or accuracy of any item of information contained in a consumer's file . . . is disputed by the consumer . . ., the agency shall . . . conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." *Id.* § 1681i(a)(1)(A). The consumer's file is "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." *Id.* § 1681a(g).

To state a claim under section 1681e, Plaintiffs must show that (1) "the agency's report contained factually inaccurate information," (2) "that the procedures it took in preparing and distributing the report [were not] 'reasonable,'" and (3) "that damages followed as a result." *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021). The elements of a claim under section 1681i, which focus on the consumer's "file" rather than the consumer's "report," "are the same" except that Plaintiffs "[need not] show that the agency prepared and distributed a report." *Id.*

The Report concludes, and the Court agrees, that the Second Amended Complaint fails to sufficiently state a claim under either section 1681e or 1681i [*see* ECF No. 45 p. 7]. The key reason for this conclusion is that "the SAC fails to sufficiently allege that the procedures Defendant took in preparing and distributing the report were not reasonable" [ECF No. 45 p. 7]. Section 1681e is clear: A reporting agency is obligated to follow "reasonable procedures" in preparing and

---

the Report's decision to evaluate their claims under sections 1681e and 1681i [*see* ECF No. 46].

distributing a report. 15 U.S.C. § 1681e(b). Section 1681i is similarly clear: A reporting agency need only conduct a "reasonable reinvestigation" to determine whether disputed information in a consumer's file is inaccurate. *Id.* § 1681i(a)(1)(A). *See Losch*, 995 F.3d at 944. Despite these clear statutory requirements, Plaintiffs offer only the threadbare allegation that Defendant failed "to follow reasonable procedures by failing to ensure accuracy of the information" [ECF No. 42 p. 2]. Outside of this conclusory statement, Plaintiffs offer no factual allegations that can be construed to suggest that Defendant failed to follow reasonable procedures in the preparation of Plaintiffs' consumer report and/or reinvestigation of their consumer file. Ultimately, a pleading that offers only "a formulaic recitation of the elements of a cause of action will not" survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is the case here.[5]

Plaintiffs' "Objections" are hard to decipher and do not persuade the Court that Plaintiffs have stated a plausible claim for relief under the pertinent FCRA provisions [ECF No. 46 pp. 1–3]. As a preliminary matter, the Court notes that Plaintiffs' objections are based on additional factual material submitted as exhibits to Plaintiffs' filing [ECF No. 46-1]. Objections to a Report from a magistrate judge are not the place to assert new factual allegations, which the Court need

[5] The Report also concludes that the Second Amended Complaint provides "no specific factual allegations that demonstrate the Defendant prepared a report [or a file] containing inaccurate information" [ECF No. 45 p. 7]. This is a closer question on which the Court ultimately disagrees. Plaintiffs explicitly allege that "Defendant reported and continues to report derogatory and false [information]," specifically the "false information . . . that Plaintiffs owe a debt of Appx. $4700 to a collection company called Mutual Management Services" [ECF No. 42 ¶¶ 6–7]. Given that pro se pleadings are "liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), and that at the motion to dismiss stage the Court must "accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor," *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010), the Court concludes that the Second Amended Complaint plausibly alleges that Defendant prepared a report/file that contained factually inaccurate information. None of this changes the end result reached in this Order, however, because Plaintiffs still fail to plead a required element of both Sections 1681e and 1681i, as stated in this Order.

not consider. Nevertheless, Plaintiffs' objections, even with their new factual allegations, fail to state a claim against Defendant. Specifically, Plaintiffs' exhibits showing a denial of a Visa card application [ECF No. 46-1 p. 1], a correspondence from Defendant to a "Gregory M Makozy Junior" [ECF No. 46-1 p. 3], and a letter from Plaintiffs to Defendant [ECF No. 46-1 p. 4] do nothing to show that Defendant failed to exercise reasonable care in the preparation and investigation of Plaintiffs' credit report and file.

While it is true that pro se complaints are construed liberally, pro se plaintiffs still must "satisfy the basic pleading requirements of applicable law and the Federal Rules of Civil Procedure." *Cave*, 2020 WL 13356470, at *1; *see Moon*, 863 F.2d at 837. And to survive a motion to dismiss a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotations omitted). Despite three attempts to do so, Plaintiffs' Second Amended Complaint still fails to state a claim against Defendant. ***Nor should it be forgotten that Plaintiffs failed entirely to respond to Defendant's Motion to Dismiss, waiting until their objection to raise any argument against dismissal*** [*see* ECF No. 45 p. 5].[6] As a result, and in accord with the Court's warning in its prior Order of Dismissal [ECF No. 40], this dismissal is with prejudice.[7]

---

[6] As noted above, this failure would have been reason enough to grant Defendant's Motion to Dismiss under standard default principles, *see* S.D. Fla. L.R. 7.1(c), but the Court has elected to go further and address the Report and the Objections more fully despite Plaintiffs' clear procedural failures in this case.

[7] Plaintiffs have not filed a Motion to Amend and have not requested further leave to amend. Nor would justice require a fourth opportunity to replead in this case.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 45] is **ACCEPTED**.
2. Defendant's Motion to Dismiss [ECF No. 43] is **GRANTED**.
3. Plaintiffs' Second Amended Complaint [ECF No. 42] is **DISMISSED WITH PREJUDICE**.
4. The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiffs at the addresses listed below.

**ORDERED** in Chambers at Fort Pierce, Florida, this 28th day of October 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Gregory Makozy
4599 S.W. Hallmark St.
Port St. Lucie, Florida 34953
PRO SE

Maria Makozy
4599 S.W. Hallmark St.
Port St. Lucie, Florida 34953
PRO SE